UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EARNEST WASHINGTON,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-1089-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Earnest Washington ("Washington") (#25993-044). Washington is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Washington challenges his conviction and sentence imposed in the United States District Court for the Eastern District of Missouri.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.   Background

Washington was convicted of two counts of conspiracy to distribute heroin and conspiracy to commit murder for hire, and he was sentenced to life imprisonment. United States v. Washington, 318 F.3d 845 (8th Cir. 2003). Washington's conviction and sentence were affirmed on appeal. Id. The United States Supreme Court denied

Washington's petition for writ of certiorari. Washington v. United States, 540 U.S. 899 (2003).

In October 2004, Washington filed his first motion to vacate under § 2255. (Docket No. 4:04-cv-1360, E.D. Mo.). The district court denied the motion, and the appellate court affirmed. (Docket No. 09-1983, 8th Cir.). Washington filed a second § 2255 motion in 2014, which was dismissed without prejudice for failure to obtain authorization from the appellate court. (4:14-cv-1117, E.D. Mo.).

In 2015, Washington filed a third § 2255 motion, arguing that the Supreme Court's decision in Burrage v. United States, 134 S. Ct. 881 (2014), created a newly-recognized right that justified his release from prison. (4:15-cv-216, E.D. Mo.). The district court transferred the petition to the Eight Circuit Court of Appeals, which denied Washington's application without providing reasons. (4:15-cv-216, E.D. Mo., Doc. 3).

Washington filed the instant § 2241 petition claiming entitlement to proceed under the savings clause of § 2255 because of the Supreme Court's decision in Burrage.

II.   Law and Analysis

Washington seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 is "inadequate or ineffective to test the legality

of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

Washington sought permission to file a second or successive § 2255 motion under § 2255(h), based on Burrage, but the Eighth Circuit denied the request. The Fifth Circuit has consistently held that the denial of a motion for leave to file a second or successive § 2255 motion does not render the § 2255 remedy inadequate or ineffective so as to permit a petition under § 2241. See Pack v. Yusuff, 218 F.3d 448, 452-53 (5th Cir. 2000).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

3

Washington claims he is entitled to proceed under the savings clause based on Burrage. However, Burrage is inapplicable to Washington's case. In Burrage, the defendant was convicted of distribution of a controlled substance that resulted in death. See Burrage, 134 S. Ct. at 885. The victim died "following an extended drug binge." Id. At trial, two medical experts testified that multiple drugs were present in the victim's system at the time of his death, including the heroin he purchased from the defendant, as well as codeine, alprazolam, clonazepam, and oxycodone. Id. The experts could only conclude that the heroin was a "contributing factor." They could not say conclusively whether the victim would have lived had he not taken the heroin. Id. at 885-86.

The district court instructed the jury that it had to find that the heroin was "a contributing cause" of the victim's death in order to convict Burrage. Id. at 886. The Supreme Court, however, held that, where the use of a drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury. Santillana v. Upton, 846 F.3d 779, 781 (5th Cir. 2017) (citing Burrage, 134 S.Ct. at 892).

Washington was not convicted of distribution of a controlled substance that resulted in death. He was convicted of conspiracy to distribute heroin and conspiracy to commit murder-for-hire. In Washington's case, the deaths did not result from use of a controlled substance–the victims were shot by Washington and his co-defendants.

4

Additionally, Washington's sentence was not enhanced under § 841(b)(1)(C), the statute at issue in <u>Burage</u>. Thus, <u>Burrage</u> is inapplicable to Washington's case.

### III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that Washington's § 2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __18th__ day of January, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge